# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

### CIVIL No.

| | |
|---|---|
| **GONZALES-TREJO, FRANCISCO** | § § § § § § § § § |
| Petitioner | § |
| v. | § § § **PETITION FOR** **WRIT OF HABEAS CORPUS** **PURSUANT TO 28 U.S.C §2241** |
| WARDEN of the Torrance County Detention Center; | § § § § § § § § |
| MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of ICE Enforcement and Removal Operations El Paso Field Office; | § § § § § § |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; | § § § § § |
| TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, | § § § § |
| Respondents. | § § |

---

## EVIDENCE IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS, INJUNCTIVE RELIEF, AND TEMPORARY RESTRAINING ORDER

**TABLE OF EXHIBITS**

**EXHIBIT A. Passport**                                          **4**
**EXHIBIT B. Detainee Locator**                                  **6**
**EXHIBIT C. Automated Case Information**                        **8**
**EXHIBIT D. Order Granting Habeas**                             **10-12**

# Exhibit A



Para uso exclusivo de la Secretaría de Relaciones Exteriores para la expedición de pasaportes a personas menores de edad o personas con discapacidad que no estén en posibilidad de manifestar su voluntad.

For the exclusive use of the Ministry of Foreign Affairs for the issuance of passports to minors or people with disabilities who are unable to express their will.

PASAPORTE
- PASSPORT

**ESTADOS UNIDOS MEXICANOS**

Tipo/ Type
P

Clave del país de expedición/ Issuing state code
MEX

Pasaporte No./ Passport No.
N08102333

Apellidos/ Surname
GONZALEZ TREJO

Nombres/ Given names
FRANCISCO

Nacionalidad/ Nationality
MEXICANA

Fecha de nacimiento/ Date of birth
26 04 1989

CURP/ Personal No.
GOTF890426HQTNRR09

Sexo/ Sex
M

Lugar de nacimiento/ Place of birth
SAN JUAN DEL RIO, QRO.,MEX

Fecha de expedición/ Date of issue
10 06 2023

Fecha de caducidad/ Expiry date
10 06 2029

Observaciones/ Remarks

Firma del Titular/ Holder's Signature

Autoridad/ Authority

CARLOS OMAR HERRERA MATÍAS

MIAMI

221415







P<MEXGONZALEZ<TREJO<<FRANCISCO<<<<<<<<<<<<<<<
N081023331MEX8904263M2906106<<<<<<<<<<<<<<00

# Exhibit B



# Exhibit C



# **Exhibit D**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SERGIO ANTONIO HERNANDEZ BAUTISTA,

     Petitioner,

v.

DORA CASTRO, Warden of Otero County
Processing Center; MARY DE ANDA-
YBARRA, Field Office Director of
Enforcement and Removal Operations, El
Paso Field Office, Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary of the U.S. Department of
Homeland Security; and TODD BLANCHE,
Acting United States Attorney General,

     Respondents.

Case No. 2:26-cv-01318-MIS-JMR

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Sergio Antonio Hernandez Bautista's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 27, 2026. Respondents

Mary De Anda-Ybarra, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a

Response on May 13, 2026, ECF No. 10.

Respondents argue that Petitioner is an applicant for admission subject to mandatory

detention under 8 U.S.C. § 1225(b)(2). Id. at 1. Respondents acknowledge, however, "that this

Court—along with many others—has reached the opposite conclusion in numerous other cases,

including Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M.

---

[1]     Respondent Dora Castro did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Jan. 13, 2026)." Id. at 1-2. Respondents further acknowledge that "this Court's decision in Lopez-Romero would control the outcome of this case should the Court chose to continue to follow its reasoning." Id. at 2.

Ultimately, the Court finds that Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States. Id. at 1-3. As the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, the Court adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 10.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Sergio Antonio Hernandez Bautista's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

2

3.      Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.      Respondents **SHALL NOT** impose any new condition of release;

5.      Respondents **SHALL** file a Notice of Compliance with this Order; and

6.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_Margaret Strickland_

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3