**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FRANCISCO GONZALES-TREJO,

     Petitioner,

v.

GEORGE DEDOS, Warden of Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

Case No. 1:26-cv-01680-MIS-GBW

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS MATTER** is before the Court on Petitioner Francisco Gonzales-Trejo's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 26, 2026. Petitioner is a citizen of Mexico who has resided in the United States since June 14, 2005. <u>Id.</u> ¶ 17. He is married to a U.S. citizen and is the father of three U.S. citizen children, ages 11, 2, and 1. <u>Id.</u> ¶ 3. He is the primary provider and caretaker for his family. <u>Id.</u> He has no criminal record. <u>Id.</u> ¶ 5.

Nevertheless, on November 4, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in at his home in Florida. <u>Id.</u> ¶ 7. He is currently being detained by ICE at the Torrance County Detention Center in Estancia, New Mexico. <u>Id.</u> ¶ 8.

On May 26, 2026, Petitioner filed the instant Petition arguing that his detention is governed by 8 U.S.C. § 1226(a), and his detention without an individualized custody determination violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process and Equal

Protection Clauses.  Id. ¶¶ 22-71.  He requests a writ of habeas corpus requiring that Respondents immediately release him from ICE custody subject to reasonable conditions of release or, alternatively, provide him a bond hearing.  Id. at 15-16.

On June 8, 2026, the Federal Respondents filed a Response to the Petition.[1]  ECF No. 8. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 3.  However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 8.

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 4.  However, as has become customary in these cases, the Warden did not respond to the Petition.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Francisco Gonzalez-Trejo from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3